# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3240

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Kevin C. Nelson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2012
Filed: July 17, 2012

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kevin Nelson pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. This offense carries a statutory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Because Nelson provided substantial assistance in the investigation of other persons, the government moved pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reduce his sentence below the statutory minimum. The district

court[1] granted the motion and sentenced Nelson to 48 months' imprisonment and five years of supervised release.

A reduction below the statutory minimum sentence pursuant to § 3553(e) must be based exclusively on assistance-related considerations. *United States v. Burns*, 577 F.3d 887, 894 (8th Cir. 2009) (en banc). In this case, the district judge told the defendant that he disagreed with the law, and would give "a substantially lower sentence" if he had discretion to reduce the sentence further based on the factors set forth in 18 U.S.C. § 3553(a). Nelson now appeals, arguing that the district court should have relied on the § 3553(a) factors to reduce his sentence further.

We do not reach the merits of this contention, because Nelson waived his right to appeal the sentence on this ground. In his plea agreement, Nelson waived the right to appeal the sentence imposed, except in the following limited circumstances: "(1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective." R. Doc. 51, at 15 ¶ 41. Nelson argues that his sentence is "constitutionally defective," because *United States v. Booker*, 543 U.S. 220 (2005), and its progeny "have demonstrated that there have been too many restrictions place[d] upon the authority of the sentencing court." Reply Br. 1. The Sixth Amendment, however, does not forbid all determinate sentencing schemes. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). The Supreme Court recognized the policy goals of legislatures to make sentences proportional to the gravity of the offenses and to achieve parity among defendants, and emphasized that nothing in its Sixth Amendment decisions "impugns those salutary objectives." *Id*. This court held after *Booker* and *Gall v. United States*, 552 U.S. 38 (2007), that district courts are still

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

bound by the strictures set forth in § 3553(e). *Burns*, 577 F.3d at 894. Therefore, the sentence imposed in this case is not "constitutionally defective."

The ground on which Nelson seeks to appeal falls within the scope of the appeal waiver. Nelson does not dispute that his waiver was knowing and voluntary, and he does not suggest that enforcement of the agreement would result in a miscarriage of justice. We therefore enforce the waiver. *See United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc). The appeal is dismissed.

_____